**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOVANY JAVIEL MEJIA CLAROS,

Petitioner,

v.

TODD BLANCHE, *et al*.,

Respondents.

Case No. 2:26-cv-02626-RFB-MDC

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jovany Javiel Mejia Claros's Petition for Writ of Habeas Corpus (ECF No. 1-1). Petitioner challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Petitioner argues his detention is unlawful under (i.) Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Petitioner a writ of habeas corpus, and orders Respondents to immediately release him from ICE custody.

## I. FILING FEE

As a preliminary matter, the Court finds good cause to grant Petitioner's Motion for Leave to Proceed *in forma pauperis*. See ECF No. 11. Cf. 28 U.S.C. § 1915(a).

## II. FINDINGS OF FACT

Next, the Court makes the following findings of fact based on the Parties' undisputed factual allegations in the existing record before the Court, and the evidence they

supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

First, the Court finds Petitioner is a member of the Jacobo-Ramirez Class. Petitioner has set forth sufficient facts indicating Class membership,[1] and Federal Respondents, when ordered to certify the true cause of Petitioner's detention in their Return, failed to do so despite being given an extension of time. See Pet. for Writ of Habeas Corpus at 2, ECF No. 1-1 (August 20, 2026) [hereinafter, "Pet."]; Pet'r's Notice of Fed. Resp'ts' Non-Opposition, ECF No. 7 (August 26, 2026) [hereinafter, "Notice of Non-Opp."]; Order Granting Resp'ts' Retroactive Motion to Extend Time, ECF No. 10 (August 31, 2026).

In addition, the Court finds Federal Respondents did not provide Petitioner a proper initial custody determination at the outset of his detention, nor did they arrest Petitioner pursuant to a lawfully-executed administrative warrant. Petitioner was taken into ICE custody on July 23, 2026—over a month ago. See Pet. at 4. This Court instructed Federal Respondents to produce specific records as to Petitioner, including Forms I-200 and I-286. See Order Governing Procedures at 3, ECF No. 3 (August 20, 2026). The government has produced an un-dated notice of initial custody determination served to Petitioner several weeks after his arrest and detention, see Form I-286, ECF No. 12-1 (un-dated, with service date of 8/16/26), as well as a warrant that was never served, see Form I-200, ECF No. 12-2 (no service date or signature).

## III. CONCLUSIONS OF LAW

As a member of the Jacobo-Ramirez Class, Petitioner is entitled to the relief afforded to the Class by this Court. In its March 2026 Order, this Court declared that class members are entitled to the "suite of procedural protections" provided by 8 U.S.C. § 1226(a) and its implementing regulations. Jacobo-Ramirez, 2026 WL 879799, at *33; see also Rodriguez Vazquez v. Bostock,

---

[1] The Jacobo-Ramirez certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Jacobo-Ramirez, 2026 WL 879799, at *4.

183 F.4th 1160, 1193 (9th Cir. 2026) (affirming that noncitizens present in the interior of the country can only be detained under 8 U.S.C. § 1226). Federal Respondents do not provide any statutory basis for detaining Petitioner, nor have they provided any indication that Petitioner has received a custody redetermination proceeding. See generally Notice of Non-Opp. Cf. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles[.]")).

Under 28 U.S.C. § 2243, "[a] court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause." Further, the "order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id. Courts shall dispose of habeas matters "as law and justice require." Id. The "show cause" provision of 28 U.S.C. § 2243 was designed to avoid a "useless grant of the writ . . . where from undisputed facts or from incontrovertible facts, . . . it appears, as matter of law, no cause for granting the writ exists. On the other hand, on the facts admitted, it may appear that, as matter of law, the prisoner is entitled to the writ and to a discharge." Walker v. Johnston, 312 U.S. 275, 284 (1941). Thus, courts are authorized to grant writs forthwith if, in their return, the government does not controvert the factual causes of a petitioner's detention, and the petitioner is entitled to discharge as a pure matter of law. Here, notwithstanding the Court's ability to "forthwith award the writ[,]" given Respondents' failure to show cause for Petitioner's detention, the Court turns to the merits of the Petition. 28 U.S.C. § 2243.

By failing to respond, Respondents have conceded Petitioner's class membership. See Reynoso v. Giurbino, 462 F.3d 1099, 1110 (9th Cir. 2006) (the government is "is bound by its concessions"). As such, the only statutory provision under which Petitioner can be detained is 8 U.S.C. § 1226. Thus, Petitioner's arrest and ongoing detention without the procedures encompassed in 8 U.S.C. § 1226 and its implementing regulations are unlawful under the Immigration and Nationality Act ("INA"), this Court's declaratory judgment/vacatur, and the law of this circuit. For reasons articulated in Angeles-Pena v. Blanche et al., Case No. 2:26-cv-02154-RFB-EJY, 2026 WL 2280939 (D. Nev. Aug. 7, 2026), which are incorporated by reference herein,

the Court finds that Petitioner must be released from government custody. The government's failure to provide a proper initial custody determination as to Petitioner at the outset of his detention and arrest Petitioner pursuant to a lawfully-executed administrative warrant runs afoul of 8 U.S.C. § 1226 and its implementing regulations, as well as this Court's declaratory judgment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022); Jacobo-Ramirez, 2026 WL 879799, at *33; Angeles-Pena, 2026 WL 2280939 at *2–3.

The Court further finds Petitioner is entitled to the procedures afforded under 8 U.S.C. § 1226 not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment.[2] Specifically, as explained in this Court's order in Angeles-Pena, which the Court incorporates by reference fully herein, the Court finds Petitioner's detention without the full suite of procedural protections guaranteed by 8 U.S.C. § 1226 violates his procedural and substantive due process rights. See Angeles-Pena, 2026 WL 2280939 at *3–9.

Therefore, the Court finds Petitioner's detention has been unlawful under both the INA and the Due Process Clause from the moment it began, and immediate release—"the typical remedy" for "unlawful executive detention"—is appropriate here.[3] See Munaf v. Geren, 553 U.S. 674, 693 (2008). Additionally, the Court finds that it must adopt equitable remedies to ensure that Federal Respondents abide by due process moving forward. Cf. U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Here, the Court finds it appropriate to require that, in the event DHS seeks to (re)detain Petitioner under § 1226(a), Federal Respondents must provide him with *a pre-deprivation* bond hearing wherein the government must prove, by clear and convincing evidence, that detention is appropriate. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024) (citation omitted) (reviewing EOIR's compliance with a district court's conditional writ, which ordered EOIR to conduct a

---

[2] Respondents have also failed to respond to Petitioner's due process arguments, thereby conceding them. See Reynoso, 462 F.3d at 1110.

[3] Moreover, the Court finds that, to the extent Respondents have afforded Petitioner *some* procedures associated with § 1226, it is clear from the record that Respondents have admittedly not complied with the regulations in full, as required by the statute, its implementing regulations, and this Court's declaratory judgment. See Jacobo-Ramirez, 2026 WL 879799, at *31; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1201–1202 (9th Cir. 2022). In addition, immediate release is particularly appropriate given Respondents' lengthy history of non-compliance and defiance in similar cases. See Angeles-Pena, 2026 WL 2280939 at *10–13.

bond hearing—as a matter of due process—where the government was required to "show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community."); Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (describing Martinez). While the Court does not take this step lightly, it finds it is necessary because of Federal Respondents' egregious violations of the law and Petitioner's rights to date.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1) and Motion to Proceed *in forma* pauperis (ECF No. 11) are **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his personal recognizance on **September 10, 2026** between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. If Federal Respondents impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE**. If Federal Respondents fail to do so, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner, a Jacobo-Ramirez class member, pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its

implementing regulations. To the extent the government seeks to detain Petitioner under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **September 11, 2026** confirming Respondents' compliance with this Order, including: (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** September 9, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**